SHERIFF, CARSON CITY, NEVADA, Appellant, *v.* A 1983 DATSUN 280ZX SEDAN VIN JNIHZ 04S0DX562727, Respondent.

No. 19902

June 28, 1990                                           794 P.2d 346

*Noel S. Waters,* District Attorney, and *Robert L. Auer,* Deputy District Attorney, Carson City, for Appellant.

*Edward Bernard,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court, pursuant to a bench trial, denying the relief sought in appellant's complaint for forfeiture.

Appellant brought a forfeiture action against the Datsun after the Datsun was used in the commission of a burglary. Both the owner of the car, and the owner's son who committed the burglary, were required to submit answers in the proceedings below. The parties to the action below conceded that the owner had no knowledge of his son's plans to use the Datsun in a burglary. NRS 179.121(2)(b) provides:

> A conveyance is not subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent . . . .

Nevertheless, appellant argued below that the son was the beneficial owner of the Datsun and that the Datsun was therefore subject to forfeiture. The district court held that beneficial ownership would not support forfeiture under Nevada law. This appeal followed.

Appellant first contends that the district court erred in allowing the owner of the Datsun to assert an "innocent owner" defense based on bare legal title to the Datsun. Specifically, appellant asserts that the evidence clearly showed that it was the son who had the primary use, and hence the beneficial ownership, of the Datsun. Appellant urges that this court should follow case law from other jurisdictions and hold that such beneficial ownership is sufficient to support a forfeiture. *See, e.g.,* United States v. A Single Family Residence, 803 F.2d 625 (11th Cir. 1986) (bare legal title not sufficient for standing to challenge forfeiture in absence of dominion and control).

This contention lacks merit. Unlike other forfeiture statutes, the Nevada forfeiture statutes unambiguously indicate that, with the sole exception of a community property interest, the only relevant ownership interest in a car is the interest appearing on the registration or title. Specifically, NRS 179.121(2)(c) provides that "[n]o person . . . whose name or interest does not appear on the certificate of registration or title for the conveyance is a proper party to any forfeiture proceeding pursuant to this subsection." Beneficial ownership is clearly of no relevance in a Nevada forfeiture proceeding for a car, because the Nevada legislature has expressly limited the parties who may appear in such a forfeiture proceeding to owners of record. Hence, the son could not even lawfully appear as a party in the proceedings below. Given the clarity of our statutes, we see no good-faith basis for asserting that the forfeiture of a car can be based on beneficial ownership.

We next take up respondent's contention that this court is without jurisdiction to hear this appeal. Specifically, respondent notes that a forfeiture proceeding is *in rem* and argues that the *in rem* jurisdiction of a court is based solely on its control over the *res.* As respondent correctly notes, the *res* in this matter, the Datsun, has been surrendered to the owner thereof. Accordingly,

respondent concludes that neither this court nor the district court retains jurisdiction over this matter. Respondent's position is based on a substantial body of federal case law. *See* The Rio Grande, 90 U.S. 458 (1874); United States v. $79,000 in United States Currency, 801 F.2d 738 (5th Cir. 1986); United States v. 66 Pieces of Jade, 760 F.2d 970 (9th Cir. 1985); D. Smith, *Prosecution and Defense of Forfeiture Cases,* para. 9.01[5][c], pp.9-16, *et seq.* (1990).

After a careful comparison of the Nevada statutory scheme for forfeiture with the federal scheme, however, we conclude that the surrender of the *res,* without more, does not deprive either this court or the district court of jurisdiction. Specifically, we note that NRS 179.1165(2)(b) provides for seizure of the property *after* a final judgment of forfeiture. This provision, which is in contradistinction to the federal scheme, would be meaningless if the district court could not obtain jurisdiction until the property was seized. Clearly then, our legislature intended that the courts in Nevada be able to exercise *in rem* jurisdiction without seizure of the property in question. We note further that NRS 179.1171(6) identifies a claimant as a party to the action. Hence, while a forfeiture proceeding is *in rem* in the sense that it determines the rights of the world in the property, the courts nevertheless retain jurisdiction over the claimants and the party seeking forfeiture.

Accordingly, we hold that we have jurisdiction to hear this appeal. Further, we hold that the district court properly denied the relief sought in the wholly frivolous complaint filed by appellant.