## KURT DOUGLAS HUEBNER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 21728

May 6, 1991                                          810 P.2d 1209

*Kurt Douglas Huebner,* In Proper Person, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court, entered by District Judge John F. Mendoza, denying appellant's petition for post-conviction relief. On December 27, 1990,

this court dismissed this appeal on the sole ground that the notice of appeal was not timely filed. Specifically, we noted that the district court entered its order denying appellant's petition on August 17, 1990, that notice of entry of the district court's order was served by mail on appellant on August 29, 1990, and that appellant did not file his notice of appeal until October 4, 1990, three days after the expiration of the thirty-day appeal period prescribed by NRS 177.385. Appellant has petitioned for rehearing.

On rehearing, appellant correctly notes that the record on appeal indicates that appellant mailed his notice of appeal to the clerk of the district court on September 25, 1990. Appellant suggests that, assuming normal delivery of the mail, the clerk of the district court must have received the notice of appeal before October 4, 1990. If appellant's notice of appeal was in fact received by the clerk of the district court on or before October 1, 1990, the notice of appeal was timely. Thus, appellant argues that this court incorrectly concluded that it lacked jurisdiction to entertain this appeal.

Because this factual issue could not be resolved on the record before this court, we issued an order on January 29, 1991, remanding this matter to the district court with instructions to determine on what date appellant's notice of appeal was received into the custody of the district court clerk. We directed the district court to conduct a hearing on this issue, and to submit its findings of fact to the clerk of this court within twenty days.

On March 1, 1991, because the district court had not complied with our order, we issued a second order directing the district court to comply with our order of January 29, 1991, within twenty days. On April 10, 1991, because the district court had still neglected to respond to this court's order of January 29, 1991, the clerk of this court contacted the clerk of the district court to inquire as to the status of this case. On April 11, 1991, following a short hearing, District Judge Jeffrey D. Sobel instructed the clerk of the district court to send by telefacsimile transmission to the clerk of this court a copy of the minutes of the hearing, which include Judge Sobel's findings of fact. On April 22, 1991, this court received a certified copy of the minutes of the hearing. On April 29, 1991, the clerk of this court received from the clerk of the district court formal, written findings of fact. These findings were issued by Senior District Judge William P. Beko.

In his oral findings of fact, Judge Sobel did not resolve the issue of when the clerk of the district court obtained custody of appellant's notice of appeal. Instead, Judge Sobel made the following findings:

> Court finds that it is *typical practice* in the Clerk's office *not to file notice of appeal on the incoming day.* Court specifically finds that *there can be a delay of several days from the time notice of appeal comes from prisoner to the Clark County Clerk's Office before it is actually filed with the clerk.* Clerk responsible for the opening of mail for transmittal to appellate court has no personal knowledge of this case.

(Emphasis added.) The formal, written findings entered by Senior Judge Beko essentially mirror the oral findings of Judge Sobel. Specifically, Senior Judge Beko found as a fact that although the deputy clerk responsible for opening the mail "attempts to get a notice of appeal immediately to the appellate clerk, occasionally a notice of appeal may lay around for several days before it is filed." Senior Judge Beko further found that "an incoming notice of appeal may remain in the office of the District Court Clerk for an undetermined period of time before it is actually filed."

We are dismayed at the circumstances in the clerk's office that led to the findings of the district court. The legal rights of the parties to litigation, whether acting in proper person or through counsel, often turn on the date of receipt by the clerk of the district court of documents and pleadings. Indeed, the jurisdiction of this court to entertain an appeal is directly dependent on the date the clerk of the district court obtains custody of a notice of appeal. *See, e.g.,* Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985) (an untimely notice of appeal fails to vest jurisdiction in this court).

Thus, it is extremely important that the clerk of the district court keep an accurate record of the date of receipt of every document submitted to the clerk, regardless of whether the document is in the appropriate form.[1] Indeed, it is a gross dereliction of duty for the clerk of the district court to neglect this ministerial duty. *Cf.* Bowman v. District Court, 102 Nev. 474, 728 P.2d 433 (1986) (duty of district court clerk to accept and file documents is ministerial, involving no judicial discretion); Barnes v. District Court, 103 Nev. 679, 748 P.2d 483 (1987) (statute that authorized the district court to refuse to file the pleadings of indigent persons without a certificate of merit from an attorney was unconstitutional).

---

[1]We note that there is no question in this case that appellant's notice of appeal was in the proper form. The clerk of the district court apparently neglected to file the document on the date of receipt because, for whatever reason, it is not the practice of the clerk of the district court to file proper person documents on the date they are received.

Because this apparent policy regarding the filing of proper person documents in the Eighth Judicial District Court has continued to create problems in the administration of this court's docket, this court, on May 18, 1989, issued directions, in the form of a letter, to the Chief Judge and the Clerk of the Eighth Judicial District Court. We set forth the text of that letter verbatim:

Increasingly we have been receiving complaints from prisoners concerning the filing procedures in the Eighth Judicial District Court. Specifically, the prisoners allege that matters sent to the district court for filing are not filed or stamped received on the date they are received by the clerk of the district court. Instead, proper person documents are assigned to the various chambers at random, and a proper person document is filed only after the assigned district judge has authorized the filing. Often, a document mailed to the district court for filing will not be filed for several days and even weeks after it has been received by the clerk of the district court. No notation of the date of receipt is stamped on the document.

Unfortunately, our review of many documents and pleadings that have been filed in this court over the past year raising this problem convinces us that the prisoners' allegations are true. Most significantly, many prisoners have apparently lost their right of appeal because their notices of appeal, which were timely received by the district court clerk, were not filed within the jurisdictional period for the filing of such a notice. We cannot allow this practice to continue. Because important procedural and substantive rights are directly dependent on the date a document is received into custody by the clerk of the district court, the failure to clearly indicate on the face of every document submitted for filing the date on which the document was received into the custody of the district court clerk may result in a denial of important constitutional rights. *See, e.g.,* Barnes v. District Court, 103 Nev. 679, 748 P.2d 483 (1987).

*We therefore direct, as an exercise of our authority to administer the court systems in Nevada, that the actual date of receipt be clearly stamped on each and every document submitted for filing to the clerk of the Eighth Judicial District Court, Clark County, whether by an attorney or by an individual attempting to proceed in proper person, and whether or not the document is actually filed. We trust that this practice will be implemented immediately.*

(Emphasis added.) We again direct the Clerk of the Eighth Judicial District Court, and the clerks of all of the judicial district courts, to stamp clearly the actual date of receipt on each and every document submitted for filing, whether submitted by an attorney or by an individual attempting to proceed in proper person, and whether or not the document is actually filed. The continued failure or refusal to adhere strictly to this direction will result in the imposition of appropriate sanctions.

Finally, because it cannot be determined whether appellant's notice of appeal was received into the custody of the clerk of the district court in a timely fashion, we conclude that it would be fair to resolve the ambiguity in the record in appellant's favor. Accordingly, we grant appellant's petition for rehearing, and we reinstate this appeal. This appeal shall stand submitted for decision on the record, without briefing or oral argument.