LEONARD CALLWELL CRAINE, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE LORETTA BOWMAN, CLERK, RESPONDENT.

No. 22132

August 27, 1991 816 P.2d 451

*Leonard C. Craine,* In Proper Person, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On November 2, 1990, a jury found petitioner guilty of three counts of sexual assault on a minor under the age of fourteen. On January 31, 1991, the district court sentenced petitioner to serve a total of two consecutive life terms in the Nevada State Prison. Petitioner's direct appeal is presently pending in this court. *See*

Craine v. State, Docket No. 21917. The clerk of the district court has informed the clerk of this court that on January 15, 1991, after rendition of the jury's verdict but before the district court sentenced petitioner, petitioner filed in the district court a proper person petition for post-conviction relief. The district court heard the petition on January 30, 1991, and entered an order denying the petition on February 12, 1991.

Petitioner mailed to the respondent district court clerk a notice of appeal from the order denying his petition for post-conviction relief. Respondent received the notice of appeal on February 9, 1991, but refused to file that document. On February 14, 1991, the district court clerk returned the unfiled notice of appeal to petitioner. This proceeding followed.

The district court clerk based her actions regarding petitioner's notice of appeal on EDCR 3.70, which provides in pertinent part:

> Except as may be required by the provisions of NRS 34.730 to 34.830, inclusive, all motions, petitions, pleadings or other papers delivered to the clerk of the court by a defendant who has counsel of record will not be filed, but must be marked with the date received and a copy forwarded to that attorney for such consideration as counsel deems appropriate. . . .

Initially, we note that petitioner prosecuted his post-conviction proceeding in proper person; thus, he did not have counsel of record in that proceeding for purposes of EDCR 3.70. We also note, however, that the clerk of the district court did not follow the procedure set forth in the rule. Specifically, the clerk did not send a copy of the notice of appeal to petitioner's counsel of record in the criminal prosecution and retain the original notice of appeal; rather, the clerk simply returned the notice of appeal to petitioner.

The right to appeal is basic to the fundamental notions of fairness that underlie our judicial system. Notices of appeal and other documents associated with an appeal are ultimately directed to this court. Indeed, this court's jurisdiction to entertain an appeal is entirely dependent on the date that the clerk of the district court obtains custody of a notice of appeal. *See* Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991); Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). We cannot allow the operation of a local rule of procedure or the actions of a court clerk to impair the right of any person to prosecute an appeal to this court.

We conclude that the provisions of EDCR 3.70 do not apply to

notices of appeal or other documents associated with an appeal that are submitted for filing by persons acting in proper person. Such documents must be treated in accordance with this court's directives in *Huebner.* If the party submitting the notice of appeal is represented by counsel, the clerk must transmit file-stamped copies of the notice of appeal and associated documents to the party's counsel of record, so that counsel may take any action that he deems appropriate regarding the appeal.

It is apparent from the documents before this court that petitioner mailed a notice of appeal challenging the denial of postconviction relief to the district court clerk, and that the court clerk timely received the notice of appeal. The clerk of the district court had an absolute duty to file that notice of appeal on the date it was received. Therefore, we grant this petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus directing the respondent clerk of the district court to transmit to the clerk of this court the record of petitioner's postconviction proceeding, forthwith. Because the respondent clerk apparently no longer has a copy of the notice of appeal submitted for filing by petitioner, the clerk shall include in the record a copy of her correspondence to petitioner dated February 14, 1991.[1]

---

[1]In light of this disposition we deny as moot petitioner's motions to waive the number of copies required to docket this petition, to proceed in forma pauperis, and for a ruling on this petition.