MARK ALAN WHITMAN, APPELLANT, v. SANDRA DARLENE WHITMAN, RESPONDENT.

No. 23252

November 5, 1992   840 P.2d 1232

[Rehearing denied February 1, 1993]

*Mark Alan Whitman*, In Proper Person, for Appellant.

*Peter B. Jacquette*, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court divesting appellant of title to real property.[1] On February 14, 1991, the district court entered a decree of divorce in this matter. In the decree, the district court awarded certain real property to respondent. Appellant, who is currently an inmate at the Nevada State Prison, refused to execute a quitclaim deed to that property. On November 21, 1991, respondent filed in the district court a motion to divest appellant of his title in the property. The district court granted respondent's motion, and this appeal followed.

The district court entered its order divesting appellant of his title to the real property on December 11, 1991. Notice of entry of that order was served on appellant on December 13, 1991. The only notice of appeal from this order contained in the record was filed by the clerk of the district court on April 23, 1992, well after the expiration of the thirty-day appeal period prescribed by NRAP 4(a).[2] An untimely notice of appeal fails to vest jurisdiction in this court. *See* Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987). Accordingly, on July 21, 1992,

---

[1]Appellant also appealed from an order of the district court denying appellant's "motion to dismiss, motion to vacate or set aside, motion to disqualify judge and application for injunction pending appeal," and from an order of the district court denying appellant's "motion for rehearing, motion to vacate or set aside judgment, motion for transcripts and motion for appointment of counsel." In our order of July 21, 1992, we concluded that we lacked subject-matter jurisdiction to entertain appellant's appeal with respect to these orders. Appellant has not challenged this conclusion in his petition for rehearing.

[2]The record contains four notices of appeal from various separate orders of the district court.

we dismissed this appeal. Appellant has submitted a proper person petition for rehearing.[3]

On rehearing, appellant has submitted documents that conclusively demonstrate that appellant submitted a timely notice of appeal to the clerk of the district court. Although the clerk of the district court stamped the notice of appeal "received" on December 30, 1991, the clerk did not file the notice of appeal. Instead, the clerk of the district court returned appellant's notice of appeal to appellant because it was not accompanied by a filing fee and, although the notice was accompanied by a motion for leave to proceed on appeal in forma pauperis, appellant's affidavit in support of that motion was apparently not signed. Consequently, there is no record of the submission of appellant's timely notice of appeal. We note that the clerk of the district court filed appellant's motion for leave to proceed on appeal in forma pauperis on the date of receipt, December 30, 1991, and that the district court eventually granted that motion.

We have previously stated that "it is extremely important that the clerk of the district court keep an accurate record of the date of receipt of every document submitted to the clerk, regardless of whether the document is in the appropriate form. Indeed, it is a gross dereliction of duty for the clerk of the district court to neglect this ministerial duty." Huebner v. State, 107 Nev. 328, 330, 810 P.2d 1209, 1211 (1991) (footnote omitted). In this case, the clerk of the district court has failed to keep any record of the date of receipt of appellant's notice of appeal; instead, the clerk stamped the document "received" and returned it to appellant. The clerk of the district court had no authority to take such action.

Although the clerk of the district court had no duty to file appellant's notice of appeal before appellant paid the requisite filing fee or was relieved of the duty to pay the filing fee by order of the district court, see NRS 19.013(2), the clerk had a duty to receive the document and to keep an accurate record of the case pending before the district court. Particularly in this case it was essential that the notice of appeal be retained in the record, because we have held that a notice of appeal is effective on the date of receipt by the district court clerk. See Huebner v. State,

---

[3]Appellant's proper person document is entitled: "Petition for rehearing [or] writ of error." Although appellant has not been granted permission to file documents in this matter in proper person, see NRAP 46(b), we have received and considered appellant's proper person documents. We deny appellant's motions for leave to proceed in proper person, for the appointment of counsel, and for an injunction pending appeal.

107 Nev. 328, 810 P.2d 1209 (1991). Rather than returning the notice of appeal to appellant, the clerk of the district court should have retained the notice of appeal in the record, and should have informed appellant by letter of any perceived deficiencies in the document.[4] Appellant could then have taken whatever action was appropriate to pursue his appeal.

In light of the foregoing, we conclude that appellant timely submitted to the clerk of the district court a notice of appeal from an appealable order of the district court, and that appellant's timely notice of appeal is not contained in the record due to the inappropriate action of the district court clerk. Accordingly, we grant appellant's petition for rehearing, and we proceed to address the merits of this appeal.

As noted previously, on February 14, 1991, the district court entered a decree of divorce in this matter. Formal notice of entry of this decree was served on appellant by mail on February 15, 1992. Appellant did not appeal from the decree of divorce. In the decree, the district court awarded the real property at issue in this appeal to respondent. That award is now final, and cannot be challenged by appellant in this appeal.

When appellant refused to execute a quitclaim deed to the property in favor of respondent, respondent sought and obtained an order of the district court divesting appellant of any interest in the property. Appellant's challenge to the district court's order divesting him of the subject property is the only matter now properly before this court. In pleadings before this court, appellant alleges that respondent did not properly serve him with a copy of certain documents and certain other matters which appellant feels are irregularities in this matter. Nevertheless, appellant has no interest in the subject property as a result of the decree of divorce. Because the decree was not challenged on appeal, it is now final and appellant cannot demonstrate that any alleged irregularity in the proceedings in the district court that resulted in the order divesting him of title prejudiced him.[5]

---

[4]It does not appear that there was any deficiency in the notice of appeal itself. The only deficiency appears to have been in appellant's affidavit in support of his motion for leave to proceed in forma pauperis. This document was also returned to appellant, making it impossible for the district judge or this court to determine whether the document was indeed defective.

[5]We do not suggest that appellant has demonstrated any improprieties with respect to the proceedings below. We merely determine that it is unnecessary to resolve appellant's claims in light of the fact that he has no interest in the subject property as a matter of law.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we dismiss this appeal.