DANIEL R. DONOHO, Petitioner, v. THE EIGHTH
JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA, In and for the County of Clark, and
THE HONORABLE CARL J. CHRISTENSEN, District
Judge, Respondent.

No. 23731

December 4, 1992                           842 P.2d 731

*Daniel R. Donoho,* In Proper Person, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This proper person petition for a writ of mandamus challenges

the alleged refusal of the clerk of the district court to file petitioner's motion for relief from a default judgment pursuant to NRCP 60(c).

On February 13, 1992, petitioner was arrested pursuant to an arrest warrant. On the same date, pursuant to a search warrant, police officers seized from petitioner marijuana, cocaine, drug paraphernalia and $450 in United States currency. On May 22, 1992, pursuant to a guilty plea, the district court convicted petitioner of one count of sale of a controlled substance, and sentenced him to four years in the Nevada State Prison.

On April 7, 1992, the state filed in the district court a complaint for forfeiture of the currency seized from petitioner. Petitioner was not served with a copy of the complaint. Instead, process was served on attorney Ed Hughes. Hughes had represented petitioner in his criminal case, but was not appointed or retained to represent petitioner in the forfeiture action. Hughes made no appearance on petitioner's behalf, nor did he inform petitioner of the pending forfeiture action. Consequently, on June 30, 1992, the district court entered a default judgment in favor of the state. On July 6, 1992, the state served notice of entry of the default judgment on petitioner at his home address, even though the state knew petitioner was incarcerated in the Nevada State Prison.

Petitioner alleges in this petition that he mailed a notice of motion and motion for relief from the default judgment pursuant to NRCP 60(c) on July 17, 1992. Petitioner further alleges that he mailed a motion for leave to proceed in forma pauperis with his motion for relief from the judgment. The clerk of the district court has informed this court that the clerk's office has no record of ever receiving these documents.

Nevertheless, petitioner's application for leave to proceed in forma pauperis is clearly stamped "received" by the county clerk on August 6, 1992. Further, the secretary to the district judge sent a letter to petitioner on August 10, 1992, returning to petitioner an order which petitioner had prepared for the district court's signature, with the notation that "the Judge will not sign such an order without this matter being set for hearing." It therefore appears that the clerk of the district court did receive petitioner's pleadings and failed to keep an accurate record.

In his proper person motion for leave to proceed in forma pauperis, petitioner noted that he is a prisoner without income. Petitioner also attached a copy of a prison account statement which indicates that petitioner has $43.98. Thus, petitioner clearly demonstrated his indigency.

In his motion for relief from judgment, petitioner noted that he had not been served with process although the state knew his

whereabouts. Petitioner therefore sought an opportunity to answer the complaint.

Although petitioner's motion for relief from judgment was not filed, the clerk of the district court received and filed on August 18, 1992, the state's opposition to petitioner's motion. In that opposition, the state never argued that petitioner had been properly served, nor could it have. *See* Jacobs v. Sheriff, 108 Nev. 726, 837 P.2d 436 (1992) (holding that the state has an obligation under SCR 175 in a forfeiture action to determine whether a claimant's attorney in an underlying criminal action intends to represent the claimant in the forfeiture action, and to warn the claimant that he is not represented if counsel does not intend to act on the claimant's behalf). Instead, the state merely argued that (1) the district court lacked jurisdiction because the *res* of the *in rem* action had been lost;[1] and (2) petitioner had failed to allege a meritorious defense.

Petitioner alleges in this petition that his wife hand delivered to the clerk of the district court his proper person reply to the state's opposition and his proposed answer to the complaint on or about August 20, 1992. Again, the clerk of the district court has informed this court that there is no record of the receipt of these documents. In the answer, petitioner alleges that the currency in question was not drug money, but was legitimately earned.

On September 15, 1992, petitioner sent a letter to the district judge indicating that he had been unsuccessful in his attempts to get the master calendar clerk to schedule his motions for a hearing. Petitioner indicated that he would seek a writ from this court if the district court continued to refuse to calendar his motions.

In his petition, petitioner alleges that all of his proper person documents were returned to him without a cover letter and without explanation on October 20, 1992. Again, the clerk of the district court has informed this court that there is no record of the documents having been received or returned. This petition for a writ of mandamus ensued.

Assuming, as appears very likely, that the district court clerk received petitioner's proper person motions and documents, the clerk had an absolute duty to file the motion for leave to proceed in forma pauperis and to clearly stamp the date of receipt of the other documents on the documents. *See* Whitman v. Whitman, 108 Nev. 949, 840 P.2d 1232; Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991). Further, the clerk had a duty to keep an

---

[1]This argument has been specifically rejected by this court. *See* Sheriff v. A 1983 Datsun 280 ZX Sedan, 106 Nev. 419, 794 P.2d 346 (1990).

accurate record of the case pending before the district court. *Id.* The district court had a duty to consider the motion for leave to proceed in forma pauperis and, assuming the motion was granted, to require the filing of petitioner's other proper person documents and to consider and rule on petitioner's motion. We note that an order denying petitioner's motion for relief from the judgment would be independently appealable to this court. *See* Holiday Inn v. Barnett, 103 Nev. 60, 732 P.2d 1376 (1987).

Accordingly, we grant this petition. The clerk of this court shall issue a writ of mandamus compelling the clerk of the district court to file and receive petitioner's proper person documents as required by this opinion, and compelling the district court to consider and resolve the motions in accordance with this opinion.[2]

---

[2] We note that petitioner has attached a proof of service of this petition on the district judge. The clerk of the district court has informed this court that the district court has received a copy of this petition. Should the clerk of the district court find that she is not in possession of a copy of any of the documents referred to in this petition, she may obtain a copy from the clerk of this court. The documents shall be considered to have been received by the clerk of the district court as of the dates indicated in this opinion.