OPINION
 

 Per Curiam:
 

 This proper person petition for a writ of mandamus seeks an order from this court directing the Eighth Judicial District Court to file petitioner’s application to proceed in forma pauperis and his civil complaint.
 
 [1]
 
 On July 25, 1995, we ordered the state to file
 
 *1369
 
 an answer to this petition. The state’s answer was filed on August 11, 1995.
 
 [2]
 

 Documentation submitted by petitioner to this court establishes that petitioner submitted to the clerk of the district court for filing an application to proceed in forma pauperis and a civil complaint on May 15, 1995. Although the application for leave to proceed in forma pauperis was in proper form and was sworn to under penalty of perjury, the clerk of the district court did not file that application.
 
 [3]
 
 The failure to file the application was in violation of the clear statutory mandate that such an application
 
 filed.
 
 NRS 12.015(1) provides that “[a]ny person . . . may file an affidavit [seeking leave to proceed without payment of fees].” Further, we have repeatedly instructed the clerk of the Eighth Judicial District Court that such documents must be filed.
 
 See
 
 Bowman v. District Court, 102 Nev. 474, 728 P.2d 433 (1986) (clerk has a ministerial duty to accept and file documents if those documents are in proper
 
 form;
 
 clerk must not exercise any judicial discretion); Barnes v. District Court, 103 Nev. 679, 748 P.2d 483 (1987) (prisoner’s right of access to court cannot be denied on basis of indigency); Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991) (clerk must create an accurate record of all pleadings submitted for filing, whether or not the documents are actually filed); Whitman v. Whitman, 108 Nev. 949, 840 P.2d 1232 (1992) (clerk has no authority to return documents submitted for filing; instead, clerk must stamp documents that cannot be immediately filed “received,” and must maintain such documents in the record of the case); Donoho v. District Court, 108 Nev. 1027, 842 P.2d 731 (1992) (the clerk of the district court has a duty to file documents and to keep an accurate record of the proceedings before the court); Grey v. Grey, 111 Nev. 388, 892 P.2d 595
 
 *1370
 
 (1995) (clerk of district court admonished for failure to keep accurate record of documents submitted for filing).
 

 Petitioner alleges that the district court has refused to file his application and has returned it with directions to provide more information regarding employment. Indeed, petitioner has attached to his petition for a writ in this court his original application as it was returned to him. Attached to the top of the document is a “post-it” note with the handwritten notation: “application denied incomplete info-employment currently.”
 
 [4]
 
 The state informs us that the note was written by “the chief judge.”
 

 In addition, petitioner alleges, and the allegation is apparently true, that along with his “denied” application for leave to proceed in forma pauperis, his civil complaint was returned to him unfilled. Finally, petitioner alleges, and has attached documentation to support the allegation, that judges’ law clerks often return to prisoners unfiled motions along with letters purporting to rule on the legal sufficiency of those motions.
 
 [5]
 

 The state argues in its answer to this petition that “petitioner’s application . . . was denied on the basis that the address of the Petitioner which was later given to the Court by Petitioner . . . did not appear to be a jail and that such information was contrary to the information shown in the application which stated that the Petitioner was in prison. The ‘out of jail’ address suggested an ability of the Petitioner to be employed.”
 

 This vague reference to an “out of jail” address is not explained in the documents before this court. Nevertheless, the state’s assertion that petitioner’s application was denied is incorrect. The handwritten notation on petitioner’s unfiled application clearly does not constitute a proper judicial disposition of that application.
 

 
 *1371
 
 Further, the action of the clerk of the district court in returning petitioner’s application and civil complaint to him unfiled is in direct violation of this court’s instructions to the clerk of the district court in Whitman v. Whitman, 108 Nev. 949, 840 P.2d 1232 (1992). This court has several times confirmed the absolute obligation of the district courts to file documents submitted to them and to preserve the right of citizens to access to the courts, whether indigent or not. Barnes v. District Court, 103 Nev. 679, 748 P.2d 483 (1987); Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991). Indeed, in Donoho v. District Court, 108 Nev. 1027, 842 P.2d 731 (1992), a case directly analogous to this case, we held that the clerk of the district court violated the rights of an indigent party when she neglected to file a motion for leave to proceed in forma pauperis and a motion for relief from a default judgment. Specifically, we stated: “[T]he clerk [of the district court] had an absolute duty
 
 to file
 
 the motion for leave to proceed in forma pauperis and to clearly stamp the date of receipt of the other documents on the documents. Further, the clerk had a duty to keep an accurate record of the case pending before the district court.”
 
 Id.
 
 at 1029, 842 P.2d at 733 (citation omitted; emphasis added).
 

 Thus, petitioner’s application for leave to proceed in forma pauperis must be filed. If, on subsequent review of the application, the district court determines that petitioner has not shown he is indigent, the district court may order petitioner to provide further information or may deny the application in an appropriately filed written order. If, on the other hand, the district court grants the application, the district court must then proceed to require the filing of petitioner’s other documents and to consider them in due course.
 
 Donoho,
 
 108 Nev. at 1030, 842 P.2d at 733. Of course, for statute of limitations purposes, the complaint would have to be considered filed on the date of actual receipt by the clerk of the district court.
 

 To continue the analysis, with respect to petitioner’s civil complaint which he is attempting to file concurrently, the district court clerk had an absolute obligation to stamp the document “received” and to record the date on which the document was in fact received at the courthouse.
 
 See
 
 Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991). This the clerk of the district court did. However, the clerk then had a duty to maintain a copy of the received document in the record of the case, whether or not the document is ever filed. Whitman v. Whitman, 108 Nev. 949, 840 P.2d 1232 (1992). This, the clerk neglected to do.
 

 While
 
 Huebner
 
 dealt with the timeliness of a notice of appeal,
 
 *1372
 
 the rationale compelling this court’s ruling in
 
 Huebner,
 
 that
 
 all
 
 documents
 
 must
 
 be marked received and dated, applies with equal force to a party’s submission of a complaint. “The legal rights of the parties to litigation, whether acting in proper person or through counsel, often turn on the date of receipt by the clerk of the district court of documents and pleadings.”
 
 Huebner,
 
 107 Nev. at 330, 810 P.2d at 1211. As with a notice of appeal, the untimely filing of a complaint may prevent the court from hearing the matter on its merits. It is the responsibility of the clerk of the district court to keep an accurate record of all documents submitted to her, whether or not they are filed. As in
 
 Huebner,
 
 ambiguities regarding when documents were received or filed must ultimately be resolved in favor of the party submitting them.
 
 Id.
 
 at 332, 810 P.2d at 1212.
 

 The issue presently before this court is not whether petitioner’s motion for leave to proceed in forma pauperis is sufficient to establish petitioner’s indigence. Further, we are not now concerned with the merits of petitioner’s civil complaint. We are vitally concerned, however, with the preservation of the constitutional right of access to the courts and with the protection of the constitutional right to due process of law.
 

 A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station. NRS 34.160. The clerk of the district court has an absolute duty to file petitioner’s application and to properly receive and keep a record of petitioner’s complaint. Accordingly, we grant this petition for a writ of mandamus.
 
 [6]
 
 The clerk of this court shall serve a copy of petitioner’s application and complaint on the clerk of the district court forthwith. The clerk of this court shall also issue a writ of mandamus compelling the clerk of the district court to file petitioner’s application, and to receive petitioner’s complaint. These documents will be considered to have been filed and received on May 15, 1995.
 

 [1]
 

 Petitioner also seeks a writ of prohibition enjoining the district court, the clerk of the district court and her employees from denying prisoners access to the courts in the future. We deny petitioner’s request for a writ of prohibition.
 

 [2]
 

 Cause appearing, we grant petitioner’s proper person request for leave to file a reply to the state’s answer. The clerk of this court shall file the reply, entitled “petitioner’s reply to petition for writs of mandamus and prohibition,” which was received by this court on August 21, 1995.
 

 [3]
 

 Although the document was entitled “application” rather than “affidavit,” it was sworn to under penalties of perjury, provided information concerning petitioner’s financial condition and clearly sought a judicial ruling regarding the question of whether petitioner would be allowed to proceed with a civil action without the payment of fees. Thus, any deviation as to form was not significant enough to justify the clerk’s failure to file the document. The clerk of the court has no discretion to make any judicial ruling regarding the legal sufficiency of a document. When a document in proper form is submitted to the clerk, the clerk has a ministerial duty to file that document.
 

 [4]
 

 We note that petitioner is presently an inmate at the Nevada State Prison, and that his affidavit filed in this court in support of this petition states that he is currently unemployed and has no prison job. He also avers that his only asset is $6.57 in his prison account.
 

 [5]
 

 One such letter from a law clerk to an inmate states:
 

 “Attached please find your Motions to Proceed in Forma Pauperis which you recently submitted. NRS 12.015 requires an indigent litigant to set forth ‘with particularity facts concerning his income, property, and other resources . . .’ Your application to proceed sets forth this information very generally.”
 

 “Please resubmit the Motion with a more particular statement regarding your finances and any property you own. . . .”
 

 Although this letter does not directly deny the motion, it clearly has the effect of denying the motion without filing. Of course, like the clerk of the district court, a judge’s law clerk lacks judicial authority.
 

 [6]
 

 The state represents that “the District Court will file the Petitioner’s complaint upon submittal by the petitioner.” This statement was based on the state’s view that we determined in our Order to Show Cause that petitioner should be allowed to proceed in forma pauperis. We, however, express no opinion regarding the merits of petitioner’s application or complaint. We merely determine that the application should have been filed and judicially resolved, and the complaint should have been properly received. We note that petitioner has sent the original documents to this court, and thus may not be in a position to resubmit them. Also, for statute of limitations purposes, the documents must be considered filed as of the date of original receipt. Thus, we have determined that this petition must be granted.