An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC T. DOUGLAS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; SUSAN FILON, LAW CLERK;
AND THE HONORABLE BILL
HENDERSON, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA AND TAMMY
LOPRINO,
Real Parties in Interest.

No. 60900



FILED

MAR 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original proper person petition for a writ of mandamus seeking an order prohibiting a district court law clerk from ruling on petitioner's motions and sanctioning respondents.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our sole discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached documents, we conclude that the relief sought does not warrant our intervention by

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08194

way of extraordinary relief. See Pan, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we conclude that the petition should be denied. We are, however, concerned by petitioner's allegation that the district court's law clerk, instead of the district court judge, purported to rule on several of petitioner's motions. We caution respondents that law clerks are precluded from exercising any judicial authority, including ruling on motions, See Sullivan v. District Court, 111 Nev. 1367, 1370 n.5, 904 P.2d 1039, 1041 n.5 (1995) (providing that "a judge's law clerk lacks judicial authority"), and any unfiled documents received in a department should be routed to the clerk's office for processing.

It is so ORDERED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]We direct the clerk of this court to file petitioner's motions provisionally received on May 29 and 31, 2012, and we conclude that no action is necessary on these motions as this court has already granted petitioner's motion to waive the filing fee. We also direct the clerk of this court to file petitioner's June 22, 2012, supplement to the petition. We have considered this supplement in our resolution of this petition.

cc: Hon. Bill Henderson, District Judge, Family Court Division
Eric T. Douglas
Attorney General/Carson City
Eighth District Court Clerk