An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY D. BAILEY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK,
Respondent.

No. 61379

FILED

MAR 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is a proper person petition for a writ of mandamus seeking to compel the district court to file petitioner's civil complaint and resolve his petitions for writ relief.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our sole discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. See NRS 34.170; International Game Tech., 124 Nev. at 197, 179 P.3d at 558. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached documents, we conclude that our intervention by extraordinary writ relief is not warranted. See NRS 34.160; Pan, 120 Nev. at 228, 88 P.3d at 844. While we are concerned by petitioner's contention that the district court clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08196

failed to file his civil complaint, and to the extent that petitioner's claim is true, we remind the district court clerk of its duty to file documents and keep an accurate record of the proceedings before the court. See Donoho v. District Court, 108 Nev. 1027, 1029-30, 842 P.2d 731, 733 (1992) (explaining that the clerk of the district court has a duty to file documents and to keep an accurate record of the proceedings before the court). Nevertheless, we trust that the clerk will heed this reminder and perform its duty, and that the district court will resolve the matters pending before it as promptly as its calendar permits. Thus, we conclude that our intervention is not warranted in this matter. See Pan, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]We direct the clerk of this court to file the motion to proceed in forma pauperis provisionally received on August 17, 2012. As the filing fee was waived in this proceeding, we take no further action with regard to this motion. We also direct the clerk of this court to file the letters provisionally received on August 9, 2012, and November 13, 2012. We conclude that no action needs to be taken on these documents.

cc: Anthony D. Bailey
Attorney General/Carson City

SUPREME COURT
OF
NEVADA

(O) 1947A