**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KARISMA GARCIA,
Appellant,
vs.
THE STATE OF NEVADA EX REL
NEVADA DEPARTMENT OF
CORRECTIONS; DIRECTOR OF THE
NDOC (COX); AND WARDEN OF
HDSP, NEVEN,
Respondents.

No. 64210

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is a proper person appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant Karisma Garcia alleges that on October 25, 2010, while incarcerated at the High Desert State Prison facility, she was sexually assaulted by a correctional officer. Garcia filed a grievance with prison administrators, but was paroled and released from custody on November 22-23, 2010. Under prison regulations, once a prisoner is released on parole, the prisoner's grievance is finalized at its current level and no further appeal is allowed.

On October 8, 2012, Garcia sent a complaint alleging claims against respondents for assault, battery, and civil rights violations, along with a motion for leave to proceed in forma pauperis, to the clerk of the Eighth Judicial District Court. The district court granted Garcia's in forma pauperis motion on December 5, 2012, and Garcia's complaint was filed that same day.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15647

Respondents filed a motion to dismiss in the district court, arguing that Garcia had failed to exhaust all of her administrative remedies and that her complaint was barred by the statute of limitations. The district court granted the motion, finding that Garcia's claims were all subject to a two-year statute of limitations, which the district court found had expired on November 17, 2012, two years from the date respondents alleged the prison responded to Garcia's grievance regarding the assault. This appeal followed.

This court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all inferences in the plaintiff's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). We have reviewed appellant's civil proper person appeal statement, respondent's response, appellant's reply,[1] and the record on appeal, and we conclude that the district court erred in granting respondents' motion to dismiss.

Respondents concede in their response to Garcia's proper person appeal statement that there was no failure to exhaust administrative remedies by Garcia. Thus, the only remaining issue on appeal is whether Garcia's complaint was filed before the expiration of the statute of limitations. The district court found that all of Garcia's claims are subject to a two-year statute of limitations. *See* NRS

---

[1]Appellant has filed proper person motions to strike respondents' response and to file a reply. Having considered the motions, we deny the motion to strike respondents' response and grant the motion to file a reply. The clerk of the court shall file the proper person reply provisionally received in this court on April 14, 2014.

11.190(4)(c) and (e). But respondents argue that although Garcia's complaint was received by the clerk on October 8, 2012, because the motion to proceed in forma pauperis was not granted until December 5, 2012, and the statute governing in forma pauperis applications does not toll the time for plaintiffs to file their complaints, Garcia's complaint was not filed until December 5 and was therefore time-barred.

In *Sullivan v. Eighth Judicial Dist. Court*, 111 Nev. 1367, 1371, 904 P.2d 1039, 1042 (1995), this court stated that, where the district court clerk has received a complaint and motion to proceed in forma pauperis from a plaintiff, "for statute of limitations purposes, the complaint would have to be considered filed on the date of actual receipt by the clerk of the district court." Garcia's complaint therefore should have been considered filed on October 8, 2012, for statute of limitations purposes. Because the complaint was therefore filed less than two years from the date of the alleged October 25, 2010, sexual assault, and less than two years from the date the prison responded to Garcia's grievance, the district court erred in granting respondents' motion to dismiss Garcia's complaint based on the expiration of the statute of limitations.

For the foregoing reasons, we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Gloria Sturman, District Judge
Karisma Garcia
Attorney General/Carson City
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A