An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLYDE H. MEANS,
Appellant,
vs.
THE STATE OF NEVADA; JAMES COX;
DONALD HELLING; AND ROBERT
LEGRAND,
Respondents.

No. 62580

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from a district court order granting a motion to dismiss in a civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Appellant alleges in his complaint that his civil rights were violated when the Nevada Department of Corrections delayed the processing of a brass slip that resulted in the loss of his interest as a creditor in a bankruptcy estate. The district court granted a motion to dismiss appellant's complaint, finding that appellant filed his complaint more than two years after the accrual of his claim. *See* NRS 11.190(4)(e); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that a cause of action under 42 U.S.C. § 1983 is governed by the forum state's personal injury statute of limitations).

This court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all inferences in the plaintiff's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). We have reviewed appellant's civil proper person appeal statement, respondents' response, and the record on appeal, and we conclude that the district court erred in granting respondents' motion to dismiss.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30668

Respondents concede in their response to appellant's proper person appeal statement that the accrual of appellant's civil rights claim was tolled until October 6, 2010, when he exhausted his administrative remedies. Respondents also concede that, for statute of limitations purposes, the district court should have considered appellant's complaint to have been filed on September 27, 2012, when the district court clerk received the complaint and a motion to proceed in forma pauperis from appellant. *See Sullivan v. Eighth Judicial Dist. Court*, 111 Nev. 1367, 1371, 904 P.2d 1039, 1042 (1995). Because the complaint was therefore filed less than two years from the date appellant's claim accrued, respondents concede, and we conclude, that the district court erred in granting respondents' motion to dismiss appellant's complaint based on the expiration of the statute of limitations.

For the foregoing reasons, we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Richard Wagner, District Judge
 Clyde H. Means
 Attorney General/Carson City
 Pershing County Clerk