# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES MATTHEW WIRTH,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE,
Respondent,
and
STATE OF NEVADA,
Real Party in Interest.

No. 69108

**FILED**

JUN 1 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This is a pro se petition for a writ of mandamus. Petitioner Charles Wirth alleges that he has not been allowed to file a pro se motion to correct an illegal sentence in the district court because he is represented by counsel in habeas proceedings pending in the district court.

We have consistently held that the district court clerk has a ministerial duty to accept and file documents presented for filing if those documents are in proper form. *See, e.g., Sullivan v. Eighth Judicial Dist. Court,* 111 Nev. 1367, 1372, 904 P.2d 1039, 1042 (1995) (holding that the district court clerk had a duty to file an application to proceed in forma pauperis and "receive" a civil complaint); *Bowman v. Eighth Judicial Dist. Court,* 102 Nev. 474, 478, 728 P.2d 433, 435 (1986) (holding that the clerk has a ministerial duty to accept and file documents unless given specific directions from the district court to the contrary). This court has further recognized that the clerk of the district court has a duty to maintain accurate files. *See Whitman v. Whitman,* 108 Nev. 949, 951, 840 P.2d 1232, 1233 (1992) (holding that clerk has no authority to return documents submitted for filing and must maintain such documents in the record of the case); *Donoho v. Eighth Judicial Dist. Court,* 108 Nev. 1027, 1029-30, 842 P.2d 731, 733 (1992) (holding that the clerk of the district

16-18369

court has a duty to file documents and to keep an accurate record of the proceedings before the court).

Because a motion to correct an illegal sentence is a separate action from a postconviction petition for a writ of habeas corpus, *see Edwards v. State*, 112 Nev. 704, 709, 918 P.2d 321, 325 (1996) (recognizing that a motion to correct an illegal sentence is a separate proceeding that is not governed by NRS chapter 34), it appeared from this court's review that Wirth had set forth an issue of arguable merit and had no adequate remedy at law. *See* NRS 34.160; NRS 34.170. Thus, this court directed the State to file an answer. The State does not dispute that Wirth should be granted relief in relation to the filing of the motion to correct an illegal sentence. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to FILE THE MOTION TO CORRECT AN ILLEGAL SENTENCE.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                              Pickering

[1]A copy of the motion to correct an illegal sentence is attached to this order. We previously determined that petitioner was not entitled to any relief on his claim relating to the points and authorities as he is represented by counsel in the postconviction proceedings. *See Wirth v. Fifth Judicial Dist. Court*, Docket No. 69108 (Order Directing Answer, March 17, 2016). However, we caution the district court against returning legal mail unopened as there does not appear to be any practical means of determining from unopened correspondence whether the documents should be filed or received and maintained in the court's records. We deny as moot the request to clarify our prior decision directing an answer.

cc: Hon. Kimberly Wanker, District Judge
Charles Matthew Wirth
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk

Case No. PC5655/CR5655

Dept No. 1

FILED IN ERROR
FILED IN ERROR
2015 FILED IN ERROR
NYE COU... CLERK
BY DEPUTY
FILED IN ERROR

IN THE 5th JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

IN AND FOR THE COUNTY OF Nye

* * * * *

FILED

JAN 27 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

STATE OF NEVADA,
    Plaintiff,

    vs.

Charles Wirth ,
    Defendant.

)
)
)
)
)
)
)
)
)
)

<u>MOTION TO CORRECT ILLEGAL SENTENCE</u>

Charles Wirth , The defendant in this action, in pro se, moves this court for an order granting defendant's motion to correct illegal sentence. This motion is made and based upon the provisions of NRS § 176.555 (The court may correct an illegal sentence at any time); all papers, pleadings and documents on file therin; and the following points and authorities.

STATEMENT OF FACTS

I was Sentenced to Felony offenses that lacked a Probable Cause hearing, Puresuant to NRS 173.095, thereby Creating a loss of Subject matter Jurisdistion as mandated by NRS 171.178 and Further So ruled by the US Const 14th to Violate Due Process Further more I was illegally Sentence upon three Felonys for a Subsequent offense

RECEIVED
JAN 27 2016
TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
DEPUTY CLERK

-1-

16-02912

OF NRS 201.210 (open and grose ludness) w/o a prior finding or conviction for a first offense of such. Yet, more I was illegally sentenced for a felony pursuant to NRS 200.366 for attemped sexual assault that also lacked subject matter jurisdiction wherein this court was amended after the preliminary hearing. This conpletely changed the method by which this offense occured, thus violating due process and subject matter jurisdiction.

## Points And Authorities
### I

Petitioner asserts that Nevada Supreme court precedent, as well as federal case law, recognizes that a lack of subject matter jurisdiction can be brought forth at any time. (Emerson V. Eighth Judicial Dist court 263 P3d 224). Also, See (Washoe county V. Otto 282 P3d 719) to the extent that Petitioner pled guilty to these offenses that in itself is not a waiver of the reaching force of a lack of subject matter and as such creates a non offense, (us V. Scruggs court of APPels 5th cir 2013), Also See (US. Peter 310 F3d 709, (11th cir 2002)). Furthermore the sentences handed down for NRS 201.210 "subsequent offense" ~~the~~ must fail due to the language of the rule of "lenity" wherein any reasonable doubt as to the violation being charged as is must be resolved in favor of the Petitioner (Dist court, 88 Nev 585).

-2-

Lastly, the Sentence upon a violation of NRS 200.366 must fail due to the record manifesting that the method of the named offense was changed from that of the original information there by denying Petitioners right to due process of law (Green V. State 94 Nev 176). For any and all of the reasons a for mentioned this court has the inherent authority to vacate and/or correct the Sentences imposed.

## POINTS AND AUTHORITIES

### II

### THIS COURT HAS INHERENT AUTHORITY TO MODIFY, SUSPEND OR OTHERWISE CORRECT IT'S OWN SENTENCES.

The inherent power to correct an illegal sentence, like the inherent power to modify sentences based on mistakes about a defendant's record, must necessarily include the power to entertain a motion to correct an illegal sentence. Edwards v. State 112 Nev. 704, 918 P.2d 321, 1996 Nev. LEXIS 84(1996)

### III

### STATUTORY AUTHORITY

This court may correct an illegal sentence at any time. NRS §176.555

### IV

### CORRECTION REQUIRED WHEN DEFENDANT'S SENTENCE IS OUTSIDE THE STATUTORY/ JURISDICTIONAL GUIDELINES.

A motion to correct an illegal sentence may challenge the facial legality of the sentence because either "the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum." Edwards v. State 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).

### CONCLUSION

As demonstrated above, the sentence imposed is an "illegal sentence" and as such, the defendant prays the court would grant relief from the currently imposed sentence and correct the sentence accordingly.

Dated this 1st day of June , 201__.

Charles Wirth 1085646
Charles W.

Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
Defendant in pro se.

4

## CERTIFICATE OF SERVICE BY MAIL

I do certify that I mailed a true and correct copy of the foregoing MOTION TO CORRECT ILLEGAL SENTENCE to the below listed address on this _1st_ day of _June_, 201_, by placing same in the U.S. Mail via prison law library staff, pursuant to Nevada Rules of Civil Procedure 5(b):

Nye County Dist Attorney
1520 B Ason
Pahrump NV 89060


Charles Wirth 1085646
Charles Wo
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
Defendant in Pro Se.

## AFFIRMATION PURSUANT TO NRS § 239B.030

The undersigned does hereby affirm that the preceding MOTION FOR MODIFICATION OF SENTENCE filed in this case does not contain the social security number of any person.

Dated this _1st_ day of _June_, 2015.


Charles Wirth 1085646
Charles Wo
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
Defendant in Pro Se.