# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEYUNDREA ORLANDO HOLMES,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 73784



FILED

JUN 1 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order denying appellant Deyundrea Holmes' postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; A. William Maupin, Senior Judge.

Holmes was convicted of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon and was sentenced to consecutive terms of life without the possibility of parole. This court affirmed his judgment of conviction on direct appeal. *Holmes v. State*, 129 Nev. 567, 306 P.3d 415 (2013). Holmes then filed a timely pro se postconviction petition for a writ of habeas corpus raising bare claims. The district court exercised its discretion and appointed postconviction counsel. *See* NRS 34.750(1).[1] Two years later, postconviction counsel informed the district court that she would not be supplementing Holmes' petition. Holmes therefore moved to dismiss postconviction counsel; the district court granted his request and gave him 90 days to file a supplemental petition. Holmes did not file a supplement and the district court dismissed the bare petition.

---

[1]The district court appointed attorney Victoria Oldenburg to represent Holmes for the purpose of supplementing the pro se petition.

Supreme Court
of
Nevada

(O) 1947A

/8-22895

We conclude that reversal is warranted. Holmes represents that he attempted to file a supplemental petition in 2015, but it was rejected at the time because he was represented by counsel. We note that even if the supplemental petition was not filed for that reason, the clerk of the district court was required to receive it and maintain it to keep an accurate record of the case. *See Whitman v. Whitman*, 108 Nev. 949, 951, 840 P.2d 1232, 1233 (1992); *see also Donoho v. Eighth Judicial Dist. Court*, 108 Nev. 1027, 1030, 842 P.2d 731, 733 (1992). It appears Holmes may have believed that the district court would consider that supplement once he dismissed counsel. If the supplemental petition is included in the correspondence received by the district court, the district court shall consider it. If the supplemental petition is not included in the correspondence received by the district court, the district court shall afford Holmes additional time to supplement his petition. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Chief Judge, The Second Judicial District Court
Hon. A. William Maupin, Senior Justice
Deyundrea Orlando Holmes
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk