CARROLL E. BARNES, Petitioner, *v.* EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF CLARK,
AND THE HONORABLE MIRIAM SHEARING, DIS-
TRICT JUDGE, Respondent.

No. 17633

WILLIAM C. FRANKELL, Petitioner, *v.* EIGHTH JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF CLARK, AND THE HONORABLE MIRIAM
SHEARING, DISTRICT JUDGE, Respondent.

No. 17872

WILLIAM M. DOYLE, Petitioner, *v.* EIGHTH JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF CLARK, AND THE HONORABLE MIRIAM
SHEARING, DISTRICT JUDGE, Respondent.

No. 18044

JESUS LUERA, Petitioner, *v.* EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK, AND THE HONORABLE MIRIAM
SHEARING, DISTRICT JUDGE, Respondent.

No. 18362

December 31, 1987                              748 P.2d 483

*Carroll E. Barnes, William C. Frankell, William M. Doyle* and
*Jesus Luera,* In Proper Person, Petitioners.

*Brian McKay,* Attorney General, and *Page Y. Underwood,*
Deputy Attorney General, Carson City; and *Rex Bell,* District
Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

These proper person petitions for writs of mandamus challenge the refusal of the respondent district court to file petitioners' complaints below. Because these petitions present identical issues and similar facts, we have consolidated them for disposition. *See* NRAP 3(b).[1]

## THE FACTS

Petitioners Carroll Barnes, William Frankell, and Jesus Luera are prisoners who prepared and attempted to file in the Eighth Judicial District Court complaints against their respective attorneys for legal malpractice. The complaint prepared by Barnes alleged that an attorney appointed to represent him in a post-conviction matter had represented him in a negligent manner. Similarly, Frankell's complaint alleged that the court-appointed attorney who represented him at his criminal trial did so in a negligent manner. Luera's complaint alleged that Luera's privately retained counsel represented him negligently at his criminal trial.

The complaints were accompanied by motions to proceed in forma pauperis and were mailed to the clerk of the Eighth Judicial District Court, who forwarded those documents to respondent Shearing, who was then the Chief Judge of that district. Respondent, in letters to the petitioners, denied the motions to proceed in forma pauperis because they were not supported by the affidavit of an attorney stating that the complaints had merit as required by NRS 12.015(1). Accordingly, respondent refused to allow petitioners' complaints to be filed.

In response to respondent's letter, Petitioner Barnes filed his petition for a writ of mandamus in this court (Docket No. 17633). Petitioners Frankell and Luera, however, filed in the federal district court civil rights complaints pursuant to 42 U.S.C. § 1983. The federal district court dismissed petitioner Frankell's action, ruling, *inter alia,* that respondent, as a judicial officer, was immune from liability for money damages in that civil rights action, that the complaint did not show that Frankell was deprived of any federal constitutional right, and that Frankell had

---

[1]In light of our prior consolidation of these matters, we deny as moot respondent's motion to consolidate.

an adequate state law remedy available in the form of a mandamus petition to this court.

After the federal district court dismissed his complaint, Frankell filed his petition for a writ of mandamus in this court (Docket No. 17872). The federal court returned Luera's complaint to him unfiled, and Luera then filed his petition for a writ of mandamus in this court (Docket No. 18362).

On December 20, 1986, Petitioner William Doyle mailed a "Petition for Writ of Habeas Corpus or as an Alternative Writ of Mandamus" to the Clerk of the Eighth Judicial District Court. At that time, Doyle was a prisoner incarcerated at the Southern Desert Correctional Center. Doyle's petition alleged that the Department of Prisons had acted arbitrarily and capriciously when, in a disciplinary proceeding, it deprived him of certain accumulated work-time credits. Doyle's petition, like the *Barnes, Frankell,* and *Luera* complaints, was accompanied by a motion to proceed in forma pauperis. On December 26, 1986, respondent sent Doyle a letter stating that he had failed to submit the affidavit of an attorney to support his motion to proceed in forma pauperis as required by NRS 12.015. Therefore, respondent refused to allow Doyle to file his pleadings. Doyle then filed his petition for a writ of mandamus in this court (Docket No. 18044).

## PROPRIETY OF EXTRAORDINARY RELIEF

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). Mandamus will not issue, however, where the petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. Further, mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the discretion of this court. *See* Poulos v. District Court, 98 Nev. 453, 652 P.2d 1177, (1982).

In the present case, respondent's actions in refusing to allow the filing of petitioners' pleadings are not appealable determinations. *See* NRAP 3A(b); NRS 12.015(4) (order granting or denying a motion to proceed in forma pauperis is not appealable). Further, the gravamen of these petitions is that respondent acted arbitrarily and capriciously when it refused to allow the filing of the petitioners' pleadings. It appears that these petitioners are without a plain, speedy and adequate remedy in the ordinary course of law to challenge respondent's refusal to file their

pleadings. Further, it appears that respondent's actions will escape review if these petitions are not entertained by this court. Accordingly, we will exercise our discretion and consider the merits of these petitions.

## THE MERITS

Respondent's refusal to file the pleadings submitted by the petitioners was based on the petitioners' noncompliance with the provisions of NRS 12.015(1), which provides:

> 1. Any person who desires to prosecute or defend a civil action may file an affidavit with the court setting forth with particularity facts concerning his income, property and other resources which establish that he is unable to prosecute or defend such action because he is unable to pay the costs of so doing. *The affidavit must be supported by the certificate of an attorney that such person has a meritorious cause of action or defense.* If the judge is satisfied that such person is unable to pay such costs, he shall order:
> (a) The clerk of the court:
> (1) To allow such person to commence or defend such action without costs; and
> (2) To file or issue any necessary writ, process, pleading or paper without charge.
> (b) The sheriff or other appropriate public officer within this state to make personal service of any necessary writ, process, pleading or paper without charge.

(Emphasis added.) Specifically, respondent based its actions on the fact that petitioners had failed to submit the affidavit of an attorney stating that their actions had merit.

In their petitions for writs of mandamus, however, petitioners assert that, as prisoners, they cannot afford to pay the costs necessary to obtain the required certificate of an attorney. Petitioners therefore argue that the district court's application of NRS 12.015, *supra,* unconstitutionally denied them their right to access to the courts.

Respondent, however, correctly notes that although an indigent has a right of reasonable access to the courts, the right of access is not unrestricted. Because plaintiffs who are allowed to proceed in forma pauperis are not affected by economic deterrents to filing frivolous lawsuits, the courts may be justified in treating such actions differently from cases filed by plaintiffs who have paid the requisite filing fee. *See* Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984). Indeed, the states are free to restrict the right of an indigent to a waiver of filing fees as long as the case does not

implicate a fundamental interest and the litigant has some alternative course of action that is not conditioned on the payment of a fee. *See* Piatt v. MacDougall, 773 F.2d 1032 (9th Cir. 1985). *See generally* Ortwein v. Schwab, 410 U.S. 656 (1973) (upholding filing fee required as a precondition to obtaining judicial review of reductions in welfare payments); United States v. Kras, 409 U.S. 434 (1973) (upholding the filing fee required as a precondition to obtaining a discharge in bankruptcy); Boddie v. Connecticut, 401 U.S. 371 (1971) (invalidating the filing fee required as a precondition to obtaining a divorce). An unreasonable restriction on the ability of an indigent to obtain a waiver of filing fees may, however, violate the equal protection clause of the United States Constitution. *See* Lindsey v. Normet, 405 U.S. 56 (1972). Nevada's constitution also contains a guarantee of equal protection.[2]

Respondent correctly asserts that the complaints which petitioners Barnes, Frankell and Luera attempted to file below asserted causes of actions for malpractice against their attorneys; thus, none of those complaints implicate any fundamental right recognized by the United States Constitution. Because the complaints do not implicate a fundamental right, NRS 12.015 must be held constitutional if the classification scheme created by that statute is rationally related to furthering a legitimate state interest. *See* Vance v. Bradley, 440 U.S. 93 (1979); State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983). "Legislative classifications must apply uniformly to all who are similarly situated, and the distinctions which separate those who are included within a classification from those who are not must be reasonable, not arbitrary." *State Farm,* 99 Nev. at 225, 660 P.2d at 997.

Respondent argues that the legislative purpose behind requiring an indigent litigant, as a precondition to obtaining a waiver of filing fees, to obtain the certificate of an attorney that the indigent's cause of action or defense has merit is to spare the state the burden of financing frivolous lawsuits. Filing fees also assist in offsetting the operating expenses of the court system. These are legitimate state interests. *See Ortwein,* 410 U.S. at 660; *Piatt,* 773 F.2d 1034-1035. Respondent further argues that petitioners have an alternative course of action against their attorneys which is not conditioned on the payment of a filing fee. Specifically,

---

[2]Article 4, section 21 of the Nevada Constitution requires that all laws be "general and of uniform operation throughout the State."

respondent urges that if petitioners believe that their former attorneys represented them in an unprofessional manner, they could file complaints against those attorneys with the State Bar of Nevada. Accordingly, respondent contends that because petitioners' complaints do not implicate any fundamental rights and the petitioners have an alternate course of action that is not dependent on the payment of a fee, NRS 12.015 is constitutional. We disagree.

The legislative purpose in enacting NRS 12.015 is to spare the state the expense of financing frivolous lawsuits filed by indigent persons. However, the statute may also operate to screen out meritorious actions that would otherwise be filed by persons who cannot afford, or are otherwise precluded from obtaining, the required certificate of an attorney. *See* Lindsey v. Normet, 405 U.S. 56 (1972) (Oregon statute requiring a tenant, as a precondition to appealing an eviction order, to post a bond that was equal to double the amount of rent that would accrue during the pendency of the appeal violated the equal protection clause because it operated not only to screen out frivolous appeals, but also to bar nonfrivolous appeals by those who could not afford to post the bond). Because NRS 12.015 may operate to preclude the filing of meritorious actions by indigent persons, we conclude that the classification scheme created by the statute is arbitrary and irrational. The statute is too broad in its sweep. We conclude, therefore, that by conditioning the waiver of filing fees on an indigent's ability to obtain the certificate of an attorney that the indigent's cause of action or defense has merit, NRS 12.015 violates the equal protection guarantees contained in the Nevada and United States Constitutions.[3] *See Lindsey,* 405 U.S. at 79.

As noted above, petitioner Doyle attempted to file in the district court a "Petition for Writ of Habeas Corpus or as an Alternative Writ of Mandamus" challenging the actions of the Department of Prisons, which allegedly deprived Doyle of some accumulated work-time credits. Doyle's petition, like the complaints filed by Barnes, Frankell and Luera, was accompanied by a motion to proceed in forma pauperis. Because the motion to proceed in forma pauperis was not accompanied by an attorney's certification that Doyle's petition had merit, respondent refused to allow the petition to be filed. *See* NRS 12.015(1).

NRS 19.013(4) states in part that "[n]o fee may be charged for any services rendered [by a county clerk] to a defendant . . . in

---

[3]Because we have concluded that NRS 12.015 is not rationally related to a legitimate state interest, we need not address the question of whether the commencement of disciplinary proceedings with the state bar is an adequate alternative remedy available to these petitioners.

any criminal case or in habeas corpus proceedings." In the present case, Doyle's petition requested relief through the issuance of a writ of habeas corpus. The clerk of the district court was precluded from charging Doyle a fee to file his petition. *See* NRS 19.013(4). Accordingly, we conclude that respondent erred when it refused to file Doyle's petition. *See also* NRS 34.750; 177.345 (in post-conviction proceedings, the petitioner may allege that he is unable to pay the costs of the proceedings and, if the district court determines that the petitioner is indigent, the state shall pay the necessary costs).

In light of the above, and in spite of our sympathy for the Chief Judge's frustration in these matters, we conclude that these petitions for writs of mandamus should be granted. Accordingly, the clerk of this court shall issue a writ of mandamus in each of the above-entitled cases directing respondent to file petitioners' pleadings and to refrain from enforcing NRS 12.015 insofar as that statute requires indigent persons to obtain, as a condition to obtaining a waiver of filing fees, the certificate of an attorney that the indigent has a meritorious cause of action or defense.[4]

---

[4]In granting these petitions, we express no opinion regarding the merits of the causes of action asserted in petitioners' pleadings. Those pleadings remain subject to all of the defenses and procedural bars sanctioned by the applicable Nevada Rules of Civil Procedure. We merely hold that arbitrary requirements for the waiver of filing fees may not be imposed to preclude indigent persons from filing their pleadings so that they may make a record of their claims or defenses before those matters are resolved by the district courts.