133 Nev., Advance Opinion 112

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOCELYN SEGOVIA, PA-C,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
   and
MADDEN DUDA, A MINOR, BY AND
THROUGH JOVAN DUDA, HIS
NATURAL FATHER AND GUARDIAN;
AUTUMN MATESI, INDIVIDUALLY
AND AS AN HEIR TO THE ESTATE OF
MARY ANN HAASE; AND ROBERT
ANSARA, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF MARY ANN HAASE,
Real Parties in Interest.

No. 72416

FILED

DEC 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition or, in the alternative, mandamus challenging a district court order in a medical malpractice action.

*Petition denied.*

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, Abraham G. Smith, and Erik J. Foley, Las Vegas; John H. Cotton & Associates and John H. Cotton and Katherine L. Turpen, Las Vegas, for Petitioner.

Murdock & Associates, Chtd., and Robert E. Murdock, Las Vegas; Eckley M. Keach, Chtd., and Eckley M. Keach, Las Vegas, for Real Party in Interest Madden Duda.

17-44726

Seegmiller & Associates and Clark Seegmiller, Las Vegas,
for Real Parties in Interest Autumn Matesi and Robert Ansara, as Special
Administrator of the Estate of Mary Ann Haase.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

## OPINION

By the Court, HARDESTY, J.:

NRS Chapter 41A.035 limits the liability of "provider[s] of health care" by capping their damages in medical malpractice actions to $350,000 and abrogating joint and several liability. The 2015 Legislature amended NRS 41A.017 to add physician assistants to the definition of "[p]rovider of health care." Petitioner Jocelyn Segovia, a physician assistant, is a defendant in a medical malpractice action accruing before the 2015 amendments were enacted. She petitions this court to determine whether the amendment clarified the existing definition of a provider of health care, so as to apply retroactively, or whether the amended definition operates prospectively only. Because the 2015 amendments expressly apply "to a cause of action that accrues on or after the effective date of this act," *see* 2015 Nev. Stat., ch. 439, § 11, at 2529; S.B. 292, 78th Leg. (Nev. 2015), and Segovia fails to rebut the presumption that statutory amendments are applied prospectively, we deny her writ petition.

### FACTS AND PROCEDURAL HISTORY

In February 2012, Mary Haase, mother of real party in interest Madden Duda, saw Dr. George Michael Elkanich regarding pain she was experiencing in her leg and back. Dr. Elkanich diagnosed Haase with bilateral lower extremity radiculopathy and recommended surgery. Dr.

Elkanich chose physician assistant Jocelyn Segovia to assist in the procedure. The surgery took place on March 5, 2012, at Valley Hospital. During the surgery, Dr. Elkanich and/or Segovia allegedly tore, sliced, or punctured Haase's aorta, causing substantial blood loss and a drop in blood pressure. According to the coroner's report, Haase died mid-surgery from a laceration to her aorta and the ensuing blood loss.

Madden Duda, along with real parties in interest Autumn Matesi and Robert Ansara, as special administrator of Haase's Estate (collectively, Duda), subsequently initiated a medical malpractice action. Duda moved for summary judgment as to Jocelyn Segovia. The motion sought to have the district court determine that Segovia was not a "[p]rovider of health care" per NRS 41A.017, and thus, not entitled to NRS Chapter 41A's abrogation of joint and several liability or the damages cap of $350,000. The district court granted Duda's motion, finding that Segovia was not entitled to the protections of NRS Chapter 41A because the language of NRS 41A.017 in effect at the time of the surgery did not cover physician assistants, and the subsequent 2015 amendment to the statute adding physician assistants only applies prospectively. Segovia then petitioned this court to answer the question of whether physician assistants are entitled to the statutory protections of NRS Chapter 41A for causes of action accruing before the effective date of the 2015 amendments.

## DISCUSSION

### Writ relief

Segovia seeks relief in the form of a writ of prohibition or, in the alternative, mandamus. "This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); Nev. Const. art. 6, § 4. "A writ of prohibition is appropriate when a district court

acts without or in excess of its jurisdiction." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907 (2008). "A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Id.* at 39, 175 P.3d at 907-08 (alteration, footnote, and internal quotation marks omitted).

Because a writ petition seeks an extraordinary remedy, this court has discretion whether to consider such a petition. *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005). Extraordinary writ relief may be available where there is no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, despite an available legal remedy, this court may still entertain a petition for writ "relief where the circumstances reveal urgency and strong necessity." *Barngrover v. Fourth Judicial Dist. Court*, 115 Nev. 104, 111, 979 P.2d 216, 220 (1999).

Segovia argues that resolution of this writ petition will promote judicial economy because most of the defendants in the underlying action have already settled, and determining whether Segovia is entitled to a damages cap will allow her to make informed settlement decisions and possibly avoid litigation altogether. We entertain the writ petition, treating it as one for mandamus, because Segovia seeks to compel the district court to retroactively apply the current version of NRS Chapter 41A, and conflicting statements exist in a published opinion and unpublished order of this court concerning that issue. "Questions of statutory interpretation are reviewed de novo." *Dykema v. Del Webb Cmtys., Inc.*, 132 Nev., Adv. Op. 82, 385 P.3d 977, 979 (2016).

*The 2015 amendment to NRS 41A.017 does not apply retroactively*

The "Keep our Doctors in Nevada" (KODIN) initiative was approved by Nevada voters in 2004, leading to the enactment of statutes limiting liability for providers of health care. *See* Nevada Ballot Questions 2004, Nevada Secretary of State, Question No. 3 (effective Nov. 23, 2004); NRS Chapter 41A. NRS Chapter 41A limits health care provider liability in two important ways: (1) the amount of noneconomic damages in medical malpractice suits "must not exceed $350,000, regardless of the number of plaintiffs, defendants or theories upon which liability [is] based," NRS 41A.035; and (2) joint and several liability is abrogated, making health care providers liable severally only for the portion of the judgment representing the percentage of negligence attributable to a specific defendant, NRS 41A.045.

NRS 41A.017 defines the term "[p]rovider of health care." At the time of the surgery in 2012, NRS 41A.017 read as follows:

> "Provider of health care" means a physician licensed under chapter 630 or 633 of NRS, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital and its employees.

The 2015 Legislature specifically added physician assistant, as well as a few other professions, to the definition. The current version of NRS 41A.017 reads in this manner:

> "Provider of health care" means a physician licensed pursuant to chapter 630 or 633 of NRS, *physician assistant*, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental

SUPREME COURT
OF
NEVADA

(O) 1947A

> medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital, clinic, surgery center, physicians' professional corporation or group practice that employs any such person and its employees.

(Emphasis added.) The central issue in this petition is whether the 2015 amendment adding in "physician assistant" was meant to clarify the original intent of the previous version of the statute and, thus, covers Segovia's alleged malpractice from 2012, or whether it is an addition, meant to be applied only prospectively and, thus, does not afford the statutory protections to Segovia.

Segovia argues that the 2015 amendment was meant to clarify the intent of the original statute, rather than revise it, and Nevada law requires statutory amendments that clarify existing statutes to be applied retroactively. Segovia points to the legislative history of the 2015 amendments, citing John Cotton's testimony before the Senate Committee that the draft changes to the statute reestablish the Legislature's intent from the original statute. *See* Hearing on S.B. 292 Before the Senate Judiciary Comm., 78th Leg. (Nev., March 26, 2015) (testimony of John Cotton, KODIN). Moreover, Segovia asserts that this court already ruled that the 2015 amendment to NRS 41A.017 clarified rather than changed the law in the unpublished order in *Zhang v. Barnes*, Docket No. 67219 (Order Affirming in Part, Reversing in Part, and Remanding, Sept. 12, 2016).

Duda contends that the Legislature specifically declared the 2015 amendment to NRS 41A.017 to be prospective, because section 11 of S.B. 292 states, "The amendatory provisions of this act apply to a cause of action that accrues on or after the effective date of this act." 2015 Nev. Stat., ch. 439, § 11, at 2529. Duda further argues that, notwithstanding section

11's specific language, in general there is a strong presumption that amendments to statutes are to be prospective in application and that Segovia's arguments do not rebut this strong presumption. Duda cites to legislative history testimony from KODIN representative Lesley Pittman that physician assistants were added to the statute to address the way health care delivery has changed and morphed over the years, and thus, the amendment was not a clarification of the original statute. *See* Hearing on S.B. 292 Before the Senate Judiciary Comm., 78th Leg. (Nev., May 26, 2015) (testimony of Lesley Pittman, KODIN). Duda argues that *Zhang* is distinguishable from the instant case because even though it "did state that the 2015 amendment 'clarified' the law, it did not state such on a wholesale level."

Unpublished orders do not establish mandatory precedent, but parties may cite to unpublished dispositions issued after January 1, 2016, for their persuasive value, if any. NRAP 36(c)(2), (3). The portion of *Zhang* that references a "clarification" of the statute states this:

> In 2015, in fact, the Legislature amended the definition of "provider of healthcare" in NRS 41A.017 to expressly so state. This amendment did not change but clarified the law, stating in express statutory terms the result reached on the issue of the interplay between NRS Chapters 40 and 89 in *Fierle*.

*Zhang*, Docket No. 67219, at 13 (footnote omitted). NRS Chapter 89 deals with professional entities and associations, and the *Zhang* decision required NRS Chapters 41A and 89 to be read together in harmony so that professional entities, when vicariously liable for a doctor's actions, are also protected by the $350,000 damage cap. *Id.* Here, Segovia identifies no other NRS chapters regarding "physician assistants" that must be read in harmony with NRS 41A.017. The *Zhang* decision does not necessarily mean

SUPREME COURT
OF
NEVADA

(O) 1947A

that every part of the 2015 amendments clarified the original statute's intent and applies retroactively, despite the way Segovia characterizes the holding.

In *Humboldt General Hospital v. Sixth Judicial District Court*, we dealt with another facet of NRS Chapter 41A regarding the requirement that medical malpractice actions be accompanied by a medical expert affidavit. 132 Nev., Adv. Op. 53, 376 P.3d 167 (2016). We declined to retroactively apply the amendments, stating that:

> Many statutes in NRS Chapter 41A were amended during the 2015 legislative session. . . . The amended language does not apply here because the amendments became effective after the district court entered its order in this matter, and our reference to the statutes in this section are to those in effect at the time of the cause of action.

*Id.* at 170 n.2. Like *Zhang*, *Humboldt* does not deal with the addition of "physician assistants" to the statute, but in a published opinion, the *Humboldt* court declined to apply the 2015 amendments retroactively.

Statutory amendments that clarify the intent of a previous statute generally apply retroactively. *Fernandez v. Fernandez*, 126 Nev. 28, 35 n.6, 222 P.3d 1031, 1035 n.6 (2010). However, statutes are otherwise presumed to operate prospectively "unless they are so strong, clear and imperative that they can have no other meaning or unless the intent of the [L]egislature cannot be otherwise satisfied." *Holloway v. Barrett*, 87 Nev. 385, 390, 487 P.2d 501, 504 (1971). "Courts will not apply statutes retrospectively unless the statute clearly expresses a legislative intent that they do so." *Allstate Ins. Co. v. Furgerson*, 104 Nev. 772, 776, 766 P.2d 904, 907 (1988).

"When interpreting a statute, we first determine whether its language is ambiguous. If the language is clear and unambiguous, we do not look beyond its plain meaning . . . ." *Stockmeier v. Psychological Review Panel*, 122 Nev. 534, 539, 135 P.3d 807, 810 (2006) (footnote omitted). "A statute's language is ambiguous when it is capable of more than one reasonable interpretation." *Orion Portfolio Servs. 2, LLC v. Cty. of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 402, 245 P.3d 527, 531 (2010). We do not find the pre-amendment version of NRS 41A.017 to be ambiguous on its face. It defines the term "provider of health care" by listing the specific professional titles that the Legislature considers to be providers of health care, none of which have been challenged by Segovia as ambiguous in meaning. The legislative history contains testimony that supports a conclusion that the amendment was both a clarification and an addition to the original version of the statute. However, considering the contradicting testimony in the legislative history, we conclude that Mr. Cotton's testimony alone does not rebut the "strong presumption against retroactivity to statutes that affect vested rights where the Legislature has not explicitly provided for retroactivity." *Badger v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 39, 373 P.3d 89, 94 n.1 (2016). The statute here, as amended, explicitly provides for prospective applications.

We deny Segovia's writ petition because the district court correctly found that the 2015 amendments adding physician assistants to NRS 41A.017 do not apply retroactively. Not only does the statutory amendment face a strong presumption of prospectivity, but the text of the senate bill itself contains language in section 11 specifically stating that "[t]he amendatory provisions of this act apply to a cause of action that accrues on or after the effective date of this act." 2015 Nev. Stat., ch. 439, §

SUPREME COURT
OF
NEVADA

(O) 1947A

9

11, at 2529; S.B. 292, 78th Leg. (Nev. 2015). Accordingly, we hold that at the time of the 2012 surgery, physician assistants were not "[p]rovider[s] of health care" under NRS 41A.017.[1] We therefore deny Segovia's writ petition.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]Based on our disposition, we decline to address Segovia's arguments concerning agency law and public policy. Agency law was not argued in the district court and was raised for the first time in the writ petition. *See Valley Health Sys., LLC v. Eighth Judicial Dist. Court,* 127 Nev. 167, 173, 252 P.3d 676, 679 (2011) (holding that it is an "inefficient use of judicial resources" to allow parties to make one set of arguments before a lower court and switch to alternative arguments later). Additionally, Segovia's policy arguments fail to overcome the established presumption of prospective statutory application.