An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE HARRISON BIRCH,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67977

**FILED**

NOV 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER GRANTING PETITION

This is a pro se original petition for a writ of mandamus. Petitioner Bruce Harrison Birch seeks a writ directing the district court to vacate its July 24, 2014, order in which it ordered that Birch be entitled to file a reply but that "no other court pleading, letters or correspondence will be reviewed by the Court, other than the reply," and that "[a]ll other unsolicited correspondence shall be returned by the Clerk unopened to [Birch]." Birch argues that he is being denied access to the courts as he has attempted to file litigation in unrelated matters but his letters are returned, unopened, by the clerk. The State, on behalf of respondents, filed an answer in which it alleges that Birch's petition is moot as the district court entered an order on July 20, 2015, which directs the clerk "to file [Birch's] *Complaint* and any *legal pleadings* related thereto," but

SUPREME COURT
OF
NEVADA

(O) 1947A

15-35039

emphasizes that the court's order of July 24, 2014, "remains in effect and the Clerk is directed to return, unopened, any correspondence to [Birch]."

"Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion." *Jones v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 53, 330 P.3d 475, 478 (2014). "We have indicated that mandamus is the appropriate vehicle for challenging orders that restrict a litigant's access to the courts." *Id.*; *see also Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981) ("Mandamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." (internal citation omitted)). We elect to exercise our discretion and consider the merits of Birch's writ petition.

We have recognized the district court's "inherent authority to issue orders that restrict a litigant's filings that challenge a judgment of conviction and sentence if the court determines that the litigant is vexatious," *Jones*, 130 Nev., Adv. Op. 53, 330 P.3d at 479, and we have outlined a four-step analysis for the district courts to employ, *id.* at 479-80 (concluding that the litigant must have reasonable notice of and opportunity to oppose a restrictive order; that the district court must create a record explaining the reasons for the restrictive order and consider any less onerous sanctions when the restrictive order precludes a litigant from filing challenges to a judgment of conviction or sentence; that the district court must make findings as to the vexatious nature of the litigant's actions; and that the order must be narrowly drafted to address the specific problem and must set forth an appropriate standard by which to measure any future filings).

We conclude the district court acted arbitrarily and capriciously by entering the restrictive order on July 24, 2014, and that the subsequent July 20, 2015, order did not remedy the problem.[1] From the record, it does not appear the district court considered all four steps outlined in *Jones* before entering the restrictive order, and no other authority allowing the district court to order the return of unopened correspondence that contains documents for filing is cited. *See Huebner v. State*, 107 Nev. 328, 332, 810 P.2d 1209, 1212 (1991) (holding that court clerk must "stamp clearly the actual date of receipt on each and every document submitted for filing, whether submitted by an attorney or by an individual attempting to proceed in proper person, and whether or not the document is actually filed"); *see also Whitman v. Whitman*, 108 Nev. 949, 951-52, 840 P.2d 1232, 1233-34 (1992) (holding that the court clerk has no authority to return documents submitted for filing but instead has a duty to maintain such documents and keep an accurate record of the case).

Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the portions of its July 24, 2014, and July 20, 2015,

---

[1]While the district court attempted to tailor the restrictive order by allowing the filing of Birch's complaint and any legal pleadings related thereto, we are not convinced that this provision could be practically achieved when Birch's letters are being returned without being opened.

orders that direct the court clerk to return, unopened, correspondence from Birch.[2]

_____ , J.
Saitta

_____ , J.
Gibbons

_____ , J.
Pickering

cc:    Hon. Patrick Flanagan, District Judge
       Bruce Harrison Birch
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]We have received the pro se documents submitted in this matter and conclude that no further relief is warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A